IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY ALAN BENNETT )
)
v. ) NO. 3:15-0354
)
TONY PARKER, et al. )

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered April 6, 2015 (Docket Entry No. 3), the Court referred this prisoner civil rights action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). He filed this action pro se and in forma pauperis seeking injunctive and monetary relief under 42 U.S.C. § 1983 and naming seven prison officials as Defendants. See Complaint (Docket Entry No. 1). He alleges that he was physically assaulted and that Defendants threatened to kill him, denied him medical care, and denied him food and water. Id. By the Order of referral, process was ordered to issue to Defendants. Six of the Defendants have filed answers. See Docket Entry Nos. 22 and 23. Process has yet to be

returned for the seventh Defendant. On September 4, 2015, Plaintiff filed a motion to voluntarily dismiss the lawsuit "against all Defendants." *See* Docket Entry No. 31.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, if an answer has been filed prior to Plaintiff's request for voluntary dismissal, "an action may be dismissed upon the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal is without prejudice unless the Court states otherwise in its order dismissing the case. *Id*. The purpose of Rule 41(a)(2) is to protect the nonmovant from unfair treatment. *See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

In the instant action, the Court finds that the action should be dismissed as requested by Plaintiff but that such dismissal should be with prejudice because to dismiss the action without prejudice would cause Defendants to suffer plain legal prejudice. Although this action has not proceeded far in the litigation, Plaintiff's initiation of the lawsuit has nonetheless caused Defendants to answer the complaint and be subjected to the expense and burden of litigation. Further, Plaintiff has not provided any explanation or shown cause for why dismissal should be without prejudice. *See Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Finally, the Court notes that Plaintiff has a lengthy history of abusive litigation within this and other Districts. *See* Memorandum and Order entered August 31, 2015 in *Bennett v. Westbrooks, et al.*, 3:15-0834 (Haynes, J.).[1]

---

[1] Although Plaintiff has had a sufficient number of prior lawsuits dismissed to bring him within the scope of 28 U.S.C. § 1915(g), which bars a prisoner from bringing a civil action *in forma pauperis* if he has had more than three lawsuits previously dismissed as frivolous or for failure to state a claim, his allegations in this, and other, cases have been construed as sufficient to trigger the exception contained in Section 1915(g) for prisoners who allege that they are in imminent danger of serious physical injury.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Plaintiff's request for voluntary dismissal (Docket Entry No. 31) be GRANTED to the extent that he requests dismissal of the action but that the action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge